IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALERIE DENICE WOOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 18-0133-MU |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Valerie Denice Wooley brings this action, pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 20. Upon consideration of the administrative record, Wooley's brief, the Commissioner's brief, and oral argument presented at the January 9, 2019 hearing

before the undersigned Magistrate Judge, it is determined that the Commissioner's decision denying benefits should be affirmed.[1]

## I. PROCEDURAL HISTORY

Wooley applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423 - 425, on August 14, 2015, alleging disability beginning on May 26, 2011. (Tr. 138-39). Her application was denied at the initial level of administrative review on September 30, 2015. (Tr. 49-55). On November 4, 2015, Wooley requested a hearing by an Administrative Law Judge (ALJ). (Tr. 69-70). Wooley appeared at a hearing before the ALJ on March 10, 2017. (Tr. 26-48). The ALJ issued an unfavorable decision finding that Wooley was not under a disability during the applicable time period on June 22, 2017. (Tr. 10-18). Wooley appealed the ALJ's decision to the Appeals Council, and, on February 12, 2018, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

After exhausting her administrative remedies, Wooley sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g). (Doc. 1). The Commissioner filed an answer and the social security transcript on July 30, 2018. (Docs. 10, 11). Both parties filed briefs setting forth their respective positions. (Docs. 13, 14). Oral argument was held before the undersigned Magistrate Judge on January 9, 2019. (Doc. 21). The case is now ripe for decision.

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 19. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

2

## II. CLAIMS ON APPEAL

Wooley alleges that the ALJ's decision to deny her benefits is in error for the following reasons:

1. The ALJ erred by failing to retain a medical expert to determine the onset date of Plaintiff's impairments; and
2. The ALJ erred by failing to find Wooley's depression and anxiety to be severe impairments.

(Doc. 13 at pp. 1-2).

## III. BACKGROUND FACTS

Wooley was born on December 27, 1968 and was 46 years old at the time she filed her claim for benefits. (Tr. 32). Wooley alleged disability due to inflammatory arthritis, back pain, hand pain, shoulder pain, severe depression, and anxiety. (Tr. 40, 150). She did not graduate from high school, but she did obtain a GED. (Tr. 32). Her most recent jobs were as an office cleaner at a law firm and an office manager for a home builder. (Tr. 35). She is computer literate. (Tr. 35-36). Wooley claimed disability commencing on May 26, 2011 based on her decision that she could not push herself any further. (Tr. 34-35; 150). Wooley testified that she is able to bathe, dress, and groom herself. (Tr. 36). Wooley testified at the hearing on March 10, 2017 that she is primarily sedentary during the day, only folding clothes while sitting and driving to her sister's house about twice a week. (Tr. 36-37). Wooley's date last insured was March 31, 2014. (Tr. 10, 155). After conducting a hearing, the ALJ made a determination that Wooley was not under a disability at any time from May 26, 2011, the alleged onset

date, through March 31, 2014, the date last insured, and thus, was not entitled to benefits. (Tr. 10-18).

## IV. ALJ'S DECISION

After considering all of the evidence, the ALJ made the following findings in his June 22, 2017 decision that are relevant to the issues presented:

> **3. Through the date last insured, the claimant had the following severe impairments: spinal disorders and obesity (20 CFR 404.1520(c)).**
>
> * * *
>
> … In a January 24, 2013 treatment record, the claimant reported that she the medication Adderall helps her tremendously to do daily tasks and helps improve her ability to concentrate (Ex. 2F, pg. 26). When the claimant presented to care on September 25, 2013, she was assessed with attention deficit hyperactivity disorder, anxiety, and back pain.
>
> In a treatment record dated October 10, 2013, the claimant reported that her depression and anxiety was controlled with medication (Ex. 2F, pg. 16). On October 24, 2013, the claimant presented to care complaining of joint pain and stiffness, her rheumatoid arthritis was within normal limits. However, her physical examination revealed no localized joint pain. It was also noted that she had no depressive symptoms (Ex. 2F, pg. 13).
>
> * * *
>
> In a treatment record dated January 7, 2014, the claimant reported that she was doing well on her medications Adderall and Klonopin. She stated that she only wanted a medication refill and had No other complaints (Ex. 2F, pg. 10).
>
> The undersigned finds material that the claimant has no other medical records available for the period before the date last insured.
>
> Accordingly, based on the aforementioned medical evidence, the undersigned notes that the objective findings in this case fail to support for the claimant's position and allegations of having disabling mental and/or psychological symptoms and limitations from her alleged onset date of May 26, 2011 through her date last insured of March 31, 2014.

4

(Tr. 12, 14-15).

## V. DISCUSSION

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). The claimant must establish disability on or before her date last insured ("DLI"). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the

Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

In his decision in Wooley's case, the ALJ first determined that her DLI was March 31, 2014. (Tr. 10). He next began the process of applying the five-step sequential evaluation to Wooley's claim. At step one, the ALJ found that Wooley did not engage in SGA from her alleged onset date (May 26, 2011) through her DLI. (Tr. 12). Therefore, he proceeded to an evaluation of steps two and three. After evaluating all medical records and Wooley's testimony, the ALJ found that, through the DLI, Wooley had severe impairments of spinal disorders and obesity, but that she did not have an

impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 12-13). The ALJ concluded that, through the DLI, Wooley had the RFC to perform a full range of sedentary work, that she was unable to perform any past relevant work, and that, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could have performed. (Tr. 13-17). Thus, the ALJ found that Wooley was not disabled within the meaning of the Act during the period at issue, which was May 26, 2011 through her DLI of March 31, 2014. (Tr. 18).

Before this Court, Wooley argues that the ALJ's decision to deny her benefits is in error for two reasons: 1) the ALJ erred by failing to retain a medical expert to determine the onset date of Plaintiff's impairments; and 2) the ALJ erred by failing to find Wooley's depression and anxiety to be severe impairments. (Doc. 13 at pp. 1-2). The Court will address these claims in the order presented.

**A. <u>Onset Date</u>**

Wooley argues that the ALJ erred by failing to retain a medical expert to determine the onset date of her impairment. In support of her argument, Wooley relies on Social Security Ruling 83-20 and HALLEX I-2-6-70(A). Social Security Ruling 83-20 states, in relevant part:

> In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case…. Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination…. In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent

with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record…. In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred sometime prior to the date of the first recorded medical examination. e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred…. The available medical evidence should be considered in view of the nature of the impairment…. The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

SSR 83-20 (S.S.A.), 1983-1991 Soc. Sec. Rep. Serv. 49, 1983 WL 31249 (Jan. 1, 1983).[2]

HALLEX I-2-6-70(A) states that "[a]n ALJ is encouraged to consult with an ME [medical expert] when the claimant alleges disability that began before his or her date last insured and the facts may conceivably support the claim. SSR 83-20." HALLEX I-2-6-70(A) n.3, 1993 WL 751901 (Dec. 12, 2013). This HALLEX recommendation provides guidance to an ALJ who is charged with determining an onset date for an allegedly limiting disability; "[h]owever, it suggests the use of a medical expert, rather than mandating it, and thus cannot fairly be the basis of error on the part of the ALJ." *See Lanier v. Colvin*, Civ. A. No. 1:15-cv-00255-N, 2016 WL 4386086, *4 (S.D. Ala. Aug. 16, 2016).

---

[2] The court notes that Social Security Rulings are not binding on federal courts. *See Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 938 (11th Cir. 2014). However, courts in this circuit generally accord the rulings respect and deference if the underlying statute is not clear and the legislative history offers no guidance. *Id.*

While these rulings may be instructive in a case in which it is necessary to ascertain the exact date of onset to determine the period of disability, in this case, the Court finds that they are inapplicable because the ALJ was able to make a finding of no disability based on the record, which contained sufficient evidence to support such a finding. With regard to Wooley's impairment, in addition to her own testimony, the ALJ had medical treatment records from her physicians covering the relevant period, as well as some visits after the DLI. Based on these records, the ALJ found that Wooley's impairment did not support a finding that she suffered from a disability as defined by the Act during the relevant time period. In his decision, the ALJ cited a number of medical records that support his conclusion that Wooley did not have a severe impairment prior to her DLI. Wooley has not argued that the ALJ's finding in this regard was not supported by substantial evidence. Rather, she argues that "[g]iven the severe and progressive nature of Plaintiff's back impairments and the indeterminable nature of when Plaintiff's impairments began, the Administrative Law Judge should have consulted with a medical expert in order to determine when Plaintiff's impairments began." (Doc. 13 at p. 4).

Addressing the argument that SSR 83-20 required the use of a medical expert to ascertain onset date, the Eleventh Circuit has held that SSR 83-20 "is applicable ***only after there has been a finding of disability*** and it is then necessary to determine when the disability began." *Caces,* 560 F. App'x at 939; *see also Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776 (11th Cir. 2010) (emphasis added) (holding that "the ALJ did not contravene SSR 83-20 because the ALJ ultimately found that Klawinski was not disabled"); *Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008) (finding that SSR 83-20's statement urging the ALJ to seek an opinion from a medical expert only applies

9

"after a finding of disability has been made"). In this case, the ALJ found that Wooley was not disabled prior to March 31, 2014, the DLI; therefore, there was no need to determine the onset date. *Id*. In this case, the ALJ clearly enunciated his reasons for the conclusions he made based upon the numerous medical opinions in the record. (Tr. 14-16). Because sufficient evidence supports the ALJ's conclusion that Wooley did not suffer from a disability on or before the date of her DLI, the Court finds that the ALJ did not err by not retaining a medical expert to opine on the date of onset.

**B. Depression and Anxiety**

Wooley's second claim of error is that the ALJ violated SSR 96-3p by failing to find her depression and anxiety to be severe impairments. (Doc. 13 at pp. 4-7). In relevant part, SSR 96-3p provides:

> At step 2 of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities; an impairment(s) that is "not severe" must be a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities …. A determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) … and an informed judgment about the limitations and restriction the impairment(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities.

The plaintiff bears the burden of proving that an impairment significantly limits the ability to do basic work skills. *See Gibbs v. Barnhart,* 156 F. App'x 243, 246 (11th Cir. 2005)*.*

Wooley asserts that the ALJ's determination that her depression and anxiety are non-severe impairments was in error because the medical records show that she had been diagnosed with depression and anxiety through the relevant time period. Without offering any evidence, she argues that "her depression has more than a minimal effect

and would be expected to interfere with [her] ability to work." (*Id.* at p. 7). The Commissioner acknowledges that Wooley's "medical records document her diagnoses of depression and anxiety," but contends that "none of her medical records indicate that her depression and anxiety were severe and significantly limited her ability to do basic work activities during the relevant time period." (Doc. 14 at p. 9).

The evidence in this case shows that Wooley did list severe depression and anxiety as conditions that limited her ability to work at the time she initially filed her claim for social security benefits. (Tr. 150). The medical evidence shows that she was treated at Alabama Psychiatric Services on February 21, 2011 (shortly before her alleged date of onset) and was diagnosed with generalized anxiety disorder and ADHD for which she was prescribed medication. (Tr. 194). She was seen by Dr. Kenneth Sherman on July 14, 2011 with her chief complaint being cough and congestion that had been ongoing for one month. (Tr. 240). He noted that her mood appeared depressed. (Tr. 241). He assessed her with bronchitis and depression and prescribed Klonopin to treat the depression. (*Id.*). On September 8, 2011, she was seen by PA Elizabeth Eisenbeis for complaints of severe depression, panic attacks, back pain, and numbness in her hands. (Tr. 239). She reported to the PA that she had recently lost her home and current employment and was very depressed. (*Id.*). She reported that she was seeing a counselor with Project Rebound. (*Id.*). She scored a 23/27 on the depression questionnaire. (*Id.*). She was diagnosed with anxiety and dysthymic disorder, advised to seek/continue counseling, and prescribed Prozac. (Tr. 240). She again saw Dr. Sherman on February 28, 2012, was again assessed with depression with anxiety, and had her prescriptions for those diagnoses refilled. (Tr. 237). Wooley

continued to be treated with medication for her depression and anxiety through the DLI. (Tr. 196-236). During this time period, the doctors noted on a few occasions that she was suffering from anxiety, *see, e.g.,* Tr. 229, but they noted that she had "no depression" on most visits, *see, e.g,* Tr. 199, 201, 203, 205, 207, 208, 209, 211, 212, 214, 216, 217, 221, 223, 225, 229, 233. On September 25, 2013, at a visit with Dr. Ozment, Wooley stated that her "depression and anxiety are controlled with meds." (Tr. 210). At a visit with Dr. Ozment on January 7, 2014, she reported that she was "doing well" on Adderall and Klonopin. (Tr. 203-04).

The ALJ's opinion shows that he did consider these impairments and after reviewing the record determined that they were non-severe. *See, supra,* at p. 4. Plaintiff argues, in her brief, that the ALJ erred in making this determination because Wooley's depression "would be expected to interfere with [her] ability to work" and "would affect [her] ability to perform a full range of sedentary work." Doc. 13 at p. 7. However, she cites no evidence in the record to support such a conclusion nor could the Court, after a complete review of the record, find any such support. "[A] diagnosis … is insufficient [to establish disability]; instead, the claimant must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Wooley made no such showing. Indeed, the fact that Wooley's depression and anxiety were admittedly treated effectively with medication without the need for any further therapy or hospitalization belies her claim that these diagnoses resulted in a significant limitation on her ability to perform basic work activities. *See* 20 C.F.R. § 416.921. Based upon the totality of the

evidence, the Court finds that the ALJ's conclusion that Wooley's depression and anxiety were not severe impairments is supported by substantial evidence.

## **CONCLUSION**

As noted above, it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. It is well-established that this Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. The Court finds that the ALJ's Decision that Wooley is not entitled to benefits is supported by substantial evidence and based on proper legal standards. Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff Valerie Denice Wooley benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **24th** day of **June, 2019**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**